By the Court,

Nelson, Ch. J.
The only question in this case is, whether the plaintiff claimed the property and tendered the necessary fees in season to put the deputy of the defendant in fault for delivering the wagon to the plaintiff in replevin before the claim of property was tried.
By the statute (2 R. S. 525, § 13), if the defendant or person in possession of the goods specified in the writ, shall claim property therein, or in any part thereof, and shall pay to the sheriff his fees, and the fees of the jury for trying the claim, it is made the duty of the sheriff to take and detain the goods, and forthwith summon a jury to appear before him within two days to try the validity of the claim; and by section 18, it is enacted, that any sheriff or other officer to whom a writ of replevin is delivered, who shall deliver to the plaintiff the goods claimed as provided by statute, with due notice of such claim, before the same is inquired into and decided, shall forfeit §250. In this case, no claim of property within the meaning of the statute, or tender or offer to pay the fees, were made until after the property had been delivered to the agent of the plaintiff. It is true, the defendant in the replevin claimed the property in the wagon before and at the time it was taken, but he did not intimate that he intended to have the claim tried, nor did he take any of the necessary steps for that purpose. The officer, surely, was not bound to keep possession and wait his convenience. Abundance of time elapsed after service of the summons, and before delivery of the property, for the making of the claim and tender of the fees. The officer was not bound to conform the execution of the process to the after thoughts of the defendant, or to advice obtained by him; indeed, we do not perceive how it was in his power to have reclaimed the property from [280] the agent, after it had been delivered to him in the regular execution of the writ. We have already decided that the claim is in season, if made at the time of the service of the summons. This secures to the defendant the benefit of the summary trial provided by law. If he fail to avail himself of it, it is his own fault. It must be sought within the time required by statute, and not at the convenience of the party. A reasonable time should undoubtedly be given to procure the fees; the defendant may be called on unexpectedly, and be unprepared to pay them; but in such case, he should make known his desire to have the validity of his claim tried, and ask indulgence for the payment of the fees. This at least he should do.
New trial granted.